UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

L. T., on behalf of himself and all others similarly situated; et al.,

Plaintiffs - Appellees,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,

Defendants - Appellants.

No. 26-4902

D.C. No.
5:26-cv-00322-SSS-SP
Central District of California,
Riverside

ORDER

L. T., on behalf of himself and all others similarly situated; et al.,

Plaintiffs - Appellees,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,

Defendants - Appellants.

No. 26-6685

D.C. No.
5:26-cv-00322-SSS-SP

Central District of California,
Riverside

Before: McKEOWN, FRIEDLAND, and MILLER, Circuit Judges.

We previously denied a motion from Defendants-Appellants ("the Government") for an emergency stay pending appeal of the preliminary injunction entered by the district court. Dkt. No. 22. The Government now seeks an emergency stay pending appeal of amendments to the preliminary injunction.

As to those amendments, the Government has not made a "strong showing that [it] is likely to succeed on the merits" of its appeal. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). Nor has the Government shown that it "will be irreparably injured absent a stay." *Id.* (quoting *Hilton*, 481 U.S. at 776).[1] We therefore deny the motion for an emergency stay pending appeal.

[1] The Government challenges the provision, ¶ 5(j)(i), allowing ex parte communications between the monitors and the district court. But the Government has not identified any harm that this provision has caused, let alone irreparable harm, and we trust that the district court will ensure that any information from the monitors that informs any further order of the court will be docketed as part of the record and that the parties will be afforded adequate notice and opportunity to respond to such information.