**Nos. 26-4902, 26-6685 (Consolidated)**

In The

# United States Court of Appeals

For The Ninth Circuit

| | |
|---|---|
| L.T., et al.,<br><br>*Plaintiffs-Appellees,*<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>*Defendants-Appellants.* | No. 26-4902<br><br>D.C. No.<br>Case No. 5:26-cv-00322-SSS-SPx<br>Central District of California, Riverside |
| L.T., et al.,<br><br>*Plaintiffs-Appellees,*<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>*Defendants-Appellants.* | No. 26-6685<br><br>D.C. No.<br>Case No. 5:26-cv-00322-SSS-SPx<br>Central District of California, Riverside |

On Appeal from the United States
District Court for the Central District of California
Case No. 5:26-cv-00322-SSS-SPx
The Honorable Sunshine Sykes

**PLAINTIFFS-APPELLEES' ADDENDUM OF STATUTES AND RULES**

NICHOLAS REDDICK
nreddick@willkie.com
STEPHEN HENRICK
shenrick@willkie.com
ALYXANDRA VERNON
avernon@willkie.com
JACOB KARIM
jkarim@willkie.com
WILLKIE FARR & GALLAGHER LLP
333 Bush Street
San Francisco, California 94104
Telephone (415) 858-7400

VINCENT R. BIAGIOTTI (*pro hac vice*)
vbiagiotti@willkie.com
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: 212-728-8000

IMMIGRANT DEFENDERS LAW CENTER
ALVARO M. HUERTA
ahuerta@immdef.org
CARSON ADRIANNA SCOTT
cscott@immdef.org
ALISON STEFFEL
asteffel@immdef.org
634 S. Spring Street, 10th Floor
Los Angeles, CA 90014
*Tel: 213-634-0999*

PUBLIC COUNSEL
REBECCA BROWN
rbrown@publiccounsel.org
SOPHIA WRENCH
swrench@publiccounsel.org
AMELIA PIAZZA
apiazza@publiccounsel.org
BELINDA ESCOBOSA
bescobosa@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

COALITION FOR HUMANE IMMIGRANT RIGHTS
CARL BERGQUIST (*pro hac vice*)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

ADAM REESE
areese@chirla.org
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Tel: 213-353-1333

*Attorneys for Plaintiffs-Appellees*

# TABLE OF CONTENTS

**Page**


6 U.S.C.A. § 112 - Secretary; functions ........................................................1

8 U.S.C.A § 1103 - Powers and duties of the Secretary, the Under Secretary, and the Attorney General ........................................................2

8 U.S.C.A. § 1226 - Apprehension and detention of aliens........................................3

28 U.S.C.A. § 1292 – Interlocutory decisions ........................................................6

28 U.S.C.A. § 1331- Federal question ........................................................7

29 U.S.C.A. § 794 - Nondiscrimination under Federal grants and programs ...........8

Fed. Rules Civ. Proc. 23. Class Actions ........................................................9

# 6 U.S.C.A. § 112

(b) Functions

The Secretary--

(2) shall have the authority to make contracts, grants, and cooperative agreements, and to enter into agreements with other executive agencies, as may be necessary and proper to carry out the Secretary's responsibilities under this chapter or otherwise provided by law

**8 U.S.C.A § 1103. Powers and duties of the Secretary, the Under Secretary, and the Attorney General**

(a) Secretary of Homeland Security

***

(11) The Attorney General, in support of persons in administrative detention in non-Federal institutions, is authorized--

***

(B) to enter into a cooperative agreement with any State, territory, or political subdivision thereof, for the necessary construction, physical renovation, acquisition of equipment, supplies or materials required to establish acceptable conditions of confinement and detention services in any State or unit of local government which agrees to provide guaranteed bed space for persons detained by the Service.

## 8 U.S.C.A. § 1226 - Apprehension and detention of aliens

(a) Arrest, detention, and release
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--
(1) may continue to detain the arrested alien; and
(2) may release the alien on--
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
(B) conditional parole; but
(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
(b) Revocation of bond or parole
The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.
(c) Detention of criminal aliens
(1) Custody
The Attorney General shall take into custody any alien who--
(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year,
(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or
(E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
(ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,
when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(2) Definition
For purposes of paragraph (1)(E), the terms "burglary", "theft", "larceny", "shoplifting", "assault of a law enforcement officer", and "serious bodily injury" have the meanings given such terms in the jurisdiction in which the acts occurred.
(3) Detainer
The Secretary of Homeland Security shall issue a detainer for an alien described in paragraph (1)(E) and, if the alien is not otherwise detained by Federal, State, or local officials, shall effectively and expeditiously take custody of the alien.
(4) Release
The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.
(d) Identification of criminal aliens
(1) The Attorney General shall devise and implement a system--
(A) to make available, daily (on a 24-hour basis), to Federal, State, and local authorities the investigative resources of the Service to determine whether individuals arrested by such authorities for aggravated felonies are aliens;
(B) to designate and train officers and employees of the Service to serve as a liaison to Federal, State, and local law enforcement and correctional agencies and courts with respect to the arrest, conviction, and release of any alien charged with an aggravated felony; and
(C) which uses computer resources to maintain a current record of aliens who have been convicted of an aggravated felony, and indicates those who have been removed.
(2) The record under paragraph (1)(C) shall be made available--
(A) to inspectors at ports of entry and to border patrol agents at sector headquarters for purposes of immediate identification of any alien who was previously ordered removed and is seeking to reenter the United States, and
(B) to officials of the Department of State for use in its automated visa lookout system.
(3) Upon the request of the governor or chief executive officer of any State, the Service shall provide assistance to State courts in the identification of aliens unlawfully present in the United States pending criminal prosecution.

(e) Judicial review

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

(f) Enforcement by attorney general of a State

The attorney general of a State, or other authorized State officer, alleging an action or decision by the Attorney General or Secretary of Homeland Security under this section to release any alien or grant bond or parole to any alien that harms such State or its residents shall have standing to bring an action against the Attorney General or Secretary of Homeland Security on behalf of such State or the residents of such State in an appropriate district court of the United States to obtain appropriate injunctive relief. The court shall advance on the docket and expedite the disposition of a civil action filed under this subsection to the greatest extent practicable. For purposes of this subsection, a State or its residents shall be considered to have been harmed if the State or its residents experience harm, including financial harm in excess of $100.

**28 U.S.C.A. § 1292**

Interlocutory decisions

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

# 28 U.S.C.A. § 1331

Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**29 U.S.C.A. § 794**

§ 794. Nondiscrimination under Federal grants and programs

(a) Promulgation of rules and regulations

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

## Fed. Rules Civ. Proc. 23. Class Actions

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

(c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.

(1) Certification Order.

(A) Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

(B) Defining the Class; Appointing Class Counsel. An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

(C) Altering or Amending the Order. An order that grants or denies class certification may be altered or amended before final judgment.

(2) Notice.

(A) For (b)(1) or (b)(2) Classes. For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.

(B) For (b)(3) Classes. For any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

(3) Judgment. Whether or not favorable to the class, the judgment in a class action must:

(A) for any class certified under Rule 23(b)(1) or (b)(2), include and describe those whom the court finds to be class members; and

(B) for any class certified under Rule 23(b)(3), include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members.

(4) Particular Issues. When appropriate, an action may be brought or maintained as a class action with respect to particular issues.

(5) Subclasses. When appropriate, a class may be divided into subclasses that are each treated as a class under this rule.

(d) Conducting the Action.

(1) In General. In conducting an action under this rule, the court may issue orders that:

(A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

(B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:

(i) any step in the action;

(ii) the proposed extent of the judgment; or

(iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;

(C) impose conditions on the representative parties or on intervenors;

(D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or

(E) deal with similar procedural matters.

(2) Combining and Amending Orders. An order under Rule 23(d)(1) may be altered or amended from time to time and may be combined with an order under Rule 16.

(e) Settlement, Voluntary Dismissal, or Compromise. The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised

only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) Notice to the Class.

(A) Information That Parties Must Provide to the Court. The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.

(B) Grounds for a Decision to Give Notice. The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:

(i) approve the proposal under Rule 23(e)(2); and

(ii) certify the class for purposes of judgment on the proposal.

(2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

(3) Identifying Agreements. The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) New Opportunity to Be Excluded. If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Class-Member Objections.

(A) In General. Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

(B) Court Approval Required for Payment in Connection with an Objection. Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with:

(i) forgoing or withdrawing an objection, or

(ii) forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.

(C) Procedure for Approval After an Appeal. If approval under Rule 23(e)(5)(B) has not been obtained before an appeal is docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending.

(f) Appeals. A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omission occurring in connection with duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

(g) Class Counsel.

(1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

(A) must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E) may make further orders in connection with the appointment.

(2) Standard for Appointing Class Counsel. When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

(3) Interim Counsel. The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

(4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests of the class.

(h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).